N. A. MOORE v. J. T. ROBISON, COMMISSIONER OF THE GENERAL LAND OFFICE ET AL.

No. 4222.  Decided April 1, 1925.

(270 S. W., 1115.)

**Mandamus.**

The Commissioner of the General Land Office having, in deference to the ruling of the Supreme Court on the question here involved, (Weaver v.

Robison, ante, p. 272) reinstated the relator as purchaser of public land, the action being for mandamus to require him so to do, the petition is dismissed on motion of the relator.

These three cases, each seeking mandamus against the Land Commissioner upon similar grounds, having been disposed of by identical but separate opinions of the Commission of Appeals, Section B, to which body they were referred by the Supreme Court, only that in the first named case is here published.

*Scott W. Key,* for relators Garrett, Maxwell and Moore.

MR. PRESIDING JUDGE POWELL delivered the recommendation of the Commission of Appeals, Section B.

This is an original action in mandamus by the relator to require the Land Commissioner of this State to re-instate his claim to a tract of public free school land in Palo Pinto County, Texas, which the State had sold him, and, without forfeiting his contract as by law required, proceeded prematurely to advertise the land for resale.

On the 23rd day of March, 1925, the relator filed a motion herein as follows:

"Now comes the Relator in the above numbered and styled cause and respectfully shows to the Court that since the institution of this proceeding, the Respondent, J. T. Robison, Commissioner of the General Land Office of the State of Texas, has voluntarily reinstated the Relator as a purchaser of the land referred to in his petition, and that therefore, the further prosecution of this proceeding has become unnecessary.

"Wherefore, Relator prays that this cause be dismissed at his cost."

This case is ruled by our opinion in the case of Weaver v. Robison, Commissioner, and which was adopted by the Supreme Court on December 20, 1924. See: 268 S. W. R. 133. In that case we held there could be no valid advertisement such as required by law before the lands advertised were forfeited and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The settlement of the instant case by the parties followed the decision aforesaid.

We recommend that the aforesaid motion, filed by relator herein, be granted and this cause dismissed at his cost.

Cause dismissed on motion of relator at his cost as recommended by the Commission of Appeals.

                              *C. M. Cureton,* Chief Justice.